650 F.2d 529
 Eldred S. WALLACE; Jeannie R. Wallace; John R. DeBiase;
Elizabeth C. DeBiase, Appellants,
v.
Richard A. KING, Chief, Fairfax County Police Department;
Robert A. Lawrence; Carla L. Helwig; Ralph W.
Gardner; William J. Woodill; Richard J.
Reeder; Frank Scott, Appellees.
Eldred S. WALLACE; Jeannie R. Wallace; John R. DeBiase;
Elizabeth C. DeBiase, Appellants,
v.
Richard A. KING, Chief, Fairfax County Police Department;
Robert A. Lawrence; Carla L. Helwig; Ralph W.
Gardner; William J. Woodill; Richard J.
Reeder; Frank Scott, Appellees.
 Nos. 80-1657, 80-1658.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 4, 1981.
Decided June 5, 1981.
 
 John McNally, Alexandria, Va. (Murphy, McGettingan, McNally & West, Alexandria, Va., Jonathan Shapiro, Zwerling & Shapiro, Alexandria, Va., Stephen W. Bricker, Bricker & Zerkin, Richmond, Va., on brief), for appellants.
 Robert Lyndon Howell, Asst. County Atty., Alexandria, Va. (David T. Stitt, County Atty., Peter D. Andreoli, Jr., Asst. County Atty., Fairfax, Va., on brief), for appellees.
 Before BUTZNER, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs appeal the district court's denial, on remand from a previous appeal, of their request for attorneys' fees and costs and its refusal to enter a draft order for injunctive and declaratory relief submitted by counsel for both parties. We reverse and remand on both issues.
 
 
 2
 Plaintiffs are two couples whose respective residences were searched by officers of the Police Department of Fairfax County, Virginia, without search warrants or consent, but on the supposed authority of a valid arrest warrant for another person suspected but not found to be in either of the residences. The plaintiffs brought an action under 42 U.S.C. § 1983 against the officers who conducted the search and their police chief seeking declaratory, injunctive, and monetary relief. The district court dismissed on the basis that the searches were constitutional by reason of the arrest warrant. On the first appeal we reversed on the constitutional issue, holding that in the absence of exigent circumstances a search warrant was a constitutional prerequisite to police searches for suspected criminals in the homes of third persons. We further held that the defendants were immune from monetary liability by reason of their good faith reliance on departmental policy. On this basis, we remanded for the award of injunctive and declaratory relief only. Wallace v. King, 626 F.2d 1157 (4th Cir. 1980), cert. denied, -- U.S. --, 101 S.Ct. 562, 66 L.Ed.2d 466 (1981).
 
 
 3
 * Upon remand, plaintiffs filed a request, pursuant to 42 U.S.C. § 1988, for their attorneys' fees and costs. The district court denied plaintiffs' request because it found that they were not the prevailing parties as to the issues presented in the suit and because this court had determined no monetary liability was to attach to defendants. This was error.
 
 
 4
 Whether defendants are liable for money damages is an inquiry distinct from the question whether plaintiffs are entitled to attorneys' fees and costs. Plaintiffs are entitled to such fees and costs, without regard to the exact form of relief awarded, if they are the prevailing parties as to a significant issue and if there are no special circumstances rendering the award unjust. Bonnes v. Long, 599 F.2d 1316, 1318 (4th Cir. 1979). Plaintiffs here are clearly the prevailing parties in respect of the constitutional issue underlying their claim. That was established in their favor by the holding in our earlier opinion, now confirmed by the Supreme Court in Steagald v. United States, -- U.S. --, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981) that absent exigent circumstances or consent, a search warrant is required and an arrest warrant will not suffice to permit the search of a third person's home for the target of an arrest warrant. We, therefore, hold that plaintiffs are prevailing parties for this purpose and that there are no special circumstances justifying a denial of attorneys' fees and costs. Accordingly, we remand to the district court to make an award based upon appropriate findings as to reasonableness. Wheeler v. Durham City Board of Education, 585 F.2d 618, 624 (4th Cir. 1978); Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978).
 
 II
 
 5
 Upon remand following the first appeal, counsel for both parties submitted a draft order granting declaratory and injunctive relief against the Police Department of Fairfax County.[1] The district court, however, issued an order limiting the injunctive relief to searches of "plaintiffs' homes." The draft order submitted by counsel is faithful to Steagald and to our earlier opinion and we, therefore, direct the district court to enter it upon remand.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 [1]
 The draft order provided in pertinent part that:
 In accordance with the opinion of the Court of Appeals, the court hereby declares that the searches complained of in this suit violated the plaintiffs' rights under the Fourth Amendment to the United States Constitution, in that they were conducted without a search warrant, and did not fall under any of the exceptions to the Fourth Amendment's warrant requirement. Reasonable or probable cause to believe that a person for whom an arrest warrant has been issued is on premises belonging to a third party, standing alone, is not sufficient under the Fourth Amendment to authorize an invasion of the privacy of that person's home. Furthermore, it is the order of this Court, consistent with the opinion of the Court of Appeals, that defendants, their agents, employees, and all members of the Fairfax County Police Department are hereby permanently enjoined from conducting searches of third parties' homes in search of persons for whom they may have an arrest warrant, without first obtaining a properly issued search warrant for those premises, unless consent or exigent circumstances are present. The defendant Chief of Police is hereby directed to inform all Fairfax County police officers of this Order, and to take such steps as are reasonably necessary to ensure compliance with it.