CRUMP v. BOARD OF EDUCATION

[107 N.C. App. 375 (1992)]

---

EDDIE RAY CRUMP v. BOARD OF EDUCATION OF THE HICKORY AD-MINISTRATIVE SCHOOL UNIT, WILLIAM PITTS

No. 9125SC432

(Filed 1 September 1992)

1. **Appeal and Error § 515 (NCI4th) — remand for damage award against board rather than individuals — motion for supplemental relief — jurisdiction of trial court**

The trial court did not err by finding that it had no jurisdiction to hear appellant's motion for supplemental relief where the case had been remanded by the Supreme Court to the trial court to award damages against the defendant board rather than the individual defendants, plaintiff appellant made a supplemental motion on remand in which he sought reinstatement, back pay, payment for lost insurance premiums and contributions to the State Retirement System, front pay, and

CRUMP v. BOARD OF EDUCATION

[107 N.C. App. 375 (1992)]

attorney's fees, the court denied plaintiff's motion for sup-
plemental relief, and plaintiff appealed. The language in the
Supreme Court opinion clearly restricted the jurisdiction of
the trial court on remand to the act of modifying the jury
verdict, and any affirmative relief granted by the trial court
would have been outside its jurisdiction.

**Am Jur 2d, Appeal and Error §§ 964, 965.**

2. **Appeal and Error § 556 (NCI4th)— remand for modification
of damage award—further proceedings—law of the case**
    The trial court did not err in its determination that fur-
ther proceedings were barred by previous decisions of the
Court of Appeals and the Supreme Court where a judgment
for plaintiff had been remanded for a damage award against
defendant board rather than the individual defendants and
plaintiff moved for supplemental relief in the trial court on
remand. Plaintiff's supplemental motion was barred by previous
decisions because it was based upon his termination by the
board, which was affirmed and made final in those decisions.

**Am Jur 2d, Appeal and Error §§ 964, 965.**

3. **Costs § 27 (NCI4th)— 42 U.S.C. § 1988—attorney fees denied—
no reason stated—error**
    The trial court erred by failing to award attorney fees
under 42 U.S.C. § 1988 without stating a reason. A trial court
may award attorney's fees to a prevailing party in its discre-
tion under 42 U.S.C. 1988, but the cases interpreting the statute
limit the discretion very narrowly. Plaintiffs are entitled to
such fees and costs, without regard to the exact form of relief
awarded, if they are the prevailing parties as to a significant
issue and if there are no special circumstances rendering the
award unjust. The trial court here did not indicate whether
special circumstances existed which rendered the award of
fees unjust.

**Am Jur 2d, Costs § 79.**

APPEAL by plaintiff from order entered 30 October 1990 in
BURKE County Superior Court by *Judge Claude S. Sitton*. Heard
in the Court of Appeals 10 March 1992.

*Ferguson, Stein, Watt, Wallas, Adkins & Gresham, P.A., by John W. Gresham, for plaintiff-appellant.*

*Mitchell, Blackwell, Mitchell & Smith, P.A., by W. Harold Mitchell, and Sigmon, Clark and Mackie, by E. Fielding Clark, II, for defendants-appellants.*

WYNN, Judge.

Mr. Crump served as a driver's education instructor and coach at Hickory High School for nine years. The school superintendent notified Crump in the spring of 1984, that he was recommending his termination based on immorality, neglect of duty, failure to fulfill the duties and responsibilities of a teacher, and insubordination. On 7 June 1984, after receiving testimony from thirteen witnesses, the Board of Education voted to dismiss Crump for insubordination and immorality.

After his dismissal by the Board of Education, Crump sought review of the Board's actions. He also brought a complaint against the Board, alleging that the Board had violated his due process rights under both the North Carolina and federal constitutions in failing to provide him with a neutral, unbiased hearing. The complaint alleged a direct cause of action under the state constitution and under 42 U.S.C. § 1983 and sought a jury trial.

Defendants made a motion under Rule 42(b) to sever the hearing on the petition for administrative review from the trial on the complaint, which the court granted. At the hearing on the petition, the trial court took no testimony, but it did hear arguments based on the record of the proceedings before the Board. Applying the whole record test, the trial court affirmed the Board's decision. This Court also affirmed the Board's decision by reviewing the administrative record and determining that there was evidence to support the termination on grounds of insubordination. *Crump v. Board of Education*, 79 N.C. App. 372, 339 S.E.2d 483, *disc. review denied*, 317· N.C. 333, 346 S.E.2d 137 (1986) (hereinafter "*Crump I*").

Regarding Crump's claim that the Board denied him a fair and impartial hearing, the jury found in favor of Crump and awarded him $78,000 in compensatory damages. The defendants made a motion for judgment notwithstanding the verdict, which was denied by the trial court. Defendants then appealed to this Court,

and we affirmed the decision of the trial court. *Crump v. Board of Education*, 93 N.C. App. 168, 378 S.E.2d 32 (1989) (hereinafter "*Crump II*"). Judge Wells dissented in part on the question of jury instructions, and defendants appealed this single issue. Our Supreme Court affirmed this Court's decision on the single member bias instruction, but it remanded the case to the trial court to modify the award. *Crump v. Board of Education*, 326 N.C. 603, 392 S.E.2d 579 (1990) (hereinafter "*Crump II SC*"). The trial court was directed to award damages against the defendant board rather than the individual defendants.

On remand, Crump made a supplemental motion in which he sought reinstatement, back pay, payment for lost insurance premiums and contributions to the State Retirement System, front pay, and attorney's fees. The trial court denied Crump's motion for supplemental relief. Crump then appealed to this Court.

I.

[1] Appellant contends that the trial court erred in denying his supplemental motion for declaratory and equitable relief wherein he requested back pay, front pay, reinstatement, and attorney's fees. He argues that the trial court erroneously determined that the Supreme Court's remand in *Crump II SC* restricted its authority to that of merely entering a new judgment taxing the compensatory damages and costs to the Board and not to the other defendants individually. He further assigns as error the trial court's conclusion that, based on the decisions of *Crump I* and *Crump II SC*, further proceedings in the trial court were "barred by the doctrines of issue preclusion, *res judicata*, equitable estoppel and the mandate rule of the doctrine of the law of the case." For the reasons which follow, we find appellant's contentions to be without merit.

The law of this State is clear with regard to the trial court's authority upon remand. In *D & W, Inc. v. Charlotte*, 268 N.C. 720, 152 S.E.2d 199 (1966), our Supreme Court noted that,

> In our judicial system the Superior Court is a court subordinate to the Supreme Court. Upon appeal our mandate is binding upon it and must be strictly followed without .variation or departure. No judgment other than that directed or permitted by the appellate court may be entered. "Otherwise, litigation

CRUMP v. BOARD OF EDUCATION

[107 N.C. App. 375 (1992)]

would never be ended, and the supreme tribunal of the state would be shorn of authority over inferior tribunals."

*Id.* at 722-23, 152 S.E.2d at 202 (quoting *Collins v. Simms*, 257 N.C. 1, 11, 125 S.E.2d 298, 306 (1962) ). *Accord Lea Co. v. North Carolina Bd. of Transportation*, 323 N.C. 697, 374 S.E.2d 866 (1989).

In the instant case, our Supreme Court, in *Crump II SC*, affirmed the jury award of $78,000 in compensatory damages to appellant on his 42 U.S.C. § 1983 claim. The Supreme Court also remanded the case for the limited purpose of amending the judgment:

> [T]he trial court's judgment in this case indicated that those damages were to be recovered from the "defendants," but indicated that the "defendant" was to pay the costs. By his complaint, the plaintiff sought compensatory damages only from the defendant Board, and not from the individual defendants. The plaintiff sought only punitive damages from the individual defendants. The jury having returned its verdict awarding only compensatory damages, but no punitive damages, the trial court's judgment should have ordered that the damages and costs be recovered only from the defendant Board and not from the other defendants individually. This case is remanded to the Court of Appeals for its further remand to the Superior Court, Catawba County, with instructions that the judgment be modified and amended accordingly. Except as modified in this regard, the decision of the Court of Appeals affirming the judgment of the trial court is affirmed.

*Id.* at 625-26, 392 S.E.2d at 591. This language from *Crump II SC* clearly restricts the jurisdiction of the trial court on remand to the act of modifying the jury verdict. Any affirmative relief granted by the trial court would have been outside of its jurisdiction. The trial court recognized the limits of its jurisdiction in its order denying appellant's motion:

> The court having reviewed the plaintiff's Supplemental Motion is a part of the records of this case, is of the opinion that this court has no jurisdiction to hear the matters contained in Paragraphs 1, 2, 3, 4 and 6 of the Motion. . . . [T]he trial court is precluded from making any general declaration that all of the defendants' actions were unlawful. The court therefore finds that the Supreme Court of North Carolina has restricted

this court's authority to that of entering an amended judgment . . . .

Accordingly, we find that the trial court did not err in determining that it had no jurisdiction to hear appellant's motion.

[2] Appellant also contests the trial court's determination that further proceedings were barred by issue preclusion, *res judicata*, equitable estoppel, and the law of the case. It is well-settled law in North Carolina that a decision of the appellate courts on a prior appeal of the case constitutes the law of the case, both in subsequent proceedings in the trial court and in subsequent appeals. *See NCNB v. Virginia Carolina Builders*, 307 N.C. 563, 566, 299 S.E.2d 629, 631 (1983). Furthermore, "a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and privies in all other actions involving the same matter." *Bryant v. Shields*, 220 N.C. 628, 634, 18 S.E.2d 157, 161 (1942).

In the instant case, the trial court, when denying the appellant's request for relief, stated,

> The court further finds that Plaintiff's request for reinstatement, back pay, payment for lost insurance premiums and contributions to the State Retirement System, and front pay, have already been litigated and resolved against him . . . . The court finds that further proceedings on the matter by this court are barred by the doctrines of issue preclusion, *res judicata*, equitable estoppel and the mandate rule of the doctrine of the law of the case.

In *Crump I*, this Court affirmed the Superior Court's finding on judicial review of the Board's decision that the Board's termination of appellant was supported by substantial evidence. *Crump I*, 79 N.C. App. at 378-79, 339 S.E.2d at 487. Additionally, in *Crump II SC*, the Supreme Court stated that the issue of appellant's termination was final: "Crump appealed . . . to the Court of Appeals, which affirmed the Superior Court in [*Crump I*]. Thus, the Board's decision to dismiss Crump has been made final and is not before us on this appeal." *Crump II SC*, 326 N.C. at 607-08, 392 S.E.2d at 580-81. Based on the foregoing, we find that the trial court did not err in concluding that appellant's supplemental motion, because it was based upon his termination, was barred by previous decisions of this Court and our Supreme Court.

CRUMP v. BOARD OF EDUCATION

[107 N.C. App. 375 (1992)]

II.

**[3]** The appellant next contends that the trial court erred as a matter of law in denying his motion for attorney's fees. He argues that the trial court's discretion is limited when denying attorney's fees under 42 U.S.C. § 1988 (1991), and that the trial court committed error by stating no reason for its failure to award the fees. We agree.

Under 42 U.S.C. § 1988, a trial court, in its discretion, may award attorney's fees to a prevailing party in any action under sections 1981, 1982, 1983, 1985, and 1986. The language of 42 U.S.C. § 1988 indicates that the decision to award fees is solely within the trial court's discretion. The cases interpreting this statute, however, limit this discretion very narrowly when a prevailing party plaintiff seeks such attorney's fees. *See Blanchard v. Bergeron*, 489 U.S. 87, 103 L.Ed. 2d 67 (1989); *Chesny v. Marek*, 720 F.2d 474 (7th Cir. 1983), *rev'd on other grounds*, 473 U.S. 1, 87 L.Ed. 2d 1 (1985); *Monroe v. County Board of Education*, 583 F.2d 263 (6th Cir. 1978). In *Wallace v. King*, 650 F.2d 529, 531 (4th Cir. 1981), the Fourth Circuit Court of Appeals stated the following standard: "Plaintiffs are entitled to such fees and costs, without regard to the exact form of relief awarded, if they are the prevailing parties as to a significant issue and if there are no special circumstances rendering the award unjust." This special circumstances exception referred to by the *Wallace* Court, however, is very narrow. Courts have allowed for the exception, for example, when the defendants were powerless to prevent the injury to plaintiff and actually made unsuccessful efforts to redress the injury. *Jones v. Orange Housing Authority*, 559 F. Supp. 1379 (D.C. N.J. 1983). *Accord Martin v. Heckler*, 733 F.2d 1499 (11th Cir. 1984).

In the instant case, Judge Sitton denied appellant's request for attorney's fees by stating the following: "ATTORNEY'S FEES. That the court in its discretion declines to award plaintiff counsel fees and costs in this matter." The transcript of the hearing indicates that the trial judge heard lengthy arguments from all parties on this issue, but chose to deny appellant's motion. The trial judge did not indicate whether special circumstances existed which rendered the award of fees unjust. We reverse and remand this case on the issue of attorney's fees and direct the trial judge to award reasonable attorney's fees unless special circumstances exist that render such an award unjust.

The decision of the trial court is affirmed as to the denial of appellant's supplemental motion and reversed and remanded as to the denial of appellant's motion for attorney's fees pursuant to 42 U.S.C. § 1988.

Judges ARNOLD and LEWIS concur.