AMY DIAMOND, Petitioner
v.
CHARLOTTE-MECKLENBURG COUNTY BOARD OF EDUCATION, ERIC DAVIS, TIMOTHY S. MORGAN, TOM TATE, JOYCE DAVIS, & ALLEN MCELRATH, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, Respondents

No. COA12-690

Filed 7 May 2013

1. **Schools and Education—dismissed teacher—use of force against student—findings supported by evidence**

   The trial court correctly dismissed a teacher's petition for judicial review of a school board decision to terminate her employment after she used physical force on a misbehaving student. The school board's decision was supported by substantial evidence; findings indicating that the events of the day were chaotic and confusing did not negate the evidence supporting the school board's decision.

2. **Schools and Education—dismissed teacher—use of force against student—statutory exception—not applicable**

   The trial court correctly dismissed the petition of a terminated teacher for judicial review where the trial court did not err in concluding that the school board properly applied N.C.G.S. § 115C-391 in determining that the statutory exception to the use of physical force against a student did not apply. The school board's findings indicated that the behavior of the unruly student, while annoying and extremely disruptive, did not pose a threat to the safety or well-being of teachers or students, nor did his actions threaten to damage property.

Appeal by petitioner from an order entered 28 February 2012 by Judge A. Robinson Hassell in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 December 2012.

*Tin Fulton Walker & Owen, PLLC, by John W. Gresham, for petitioner-appellant.*

*Parker Poe Adams & Bernstein, LLP, by Mary H. Crosby and Stacy K. Wood, for respondents-appellees.*

BRYANT, Judge.

Where the trial court dismissed petitioner's petition for judicial review of a Charlotte-Mecklenburg County Board of Education (School Board) decision to terminate her position after she used physical force on a misbehaving student, we affirm the order of the trial court.

On 2 February 2011, the students of Bailey Middle School, where petitioner worked as an academic facilitator, were evacuated due to a bomb threat. During the evacuation, after students had been removed to the school's track and field area, one seventh grade student repeatedly disregarded teacher instructions. He refused to put away his soda, refused to sit down and responded to teacher requests to behave with various inappropriate verbal assaults, causing continuing disruption.

After unsuccessful attempts to change the student's behavior, the student's teacher approached petitioner for assistance. Petitioner first advised the teacher to try to ignore the student and to instruct the other students to do the same. After this approach proved unsuccessful, petitioner approached the student, told him he needed to cooperate, and provided him with the option of either sitting down or relocating to a nearby fence, where he would be removed from the other students.

The student used offensive language in responding to petitioner, stating that he would not do "any f----g thing she f----g told him to do." Petitioner led the student to the fence by his arm, but the student continued to behave disruptively. Petitioner then slapped the student across his face.

The next day, 3 February 2011, petitioner was suspended with pay pending an investigation into the incident. After an investigation, in a letter dated 2 September 2011, the Superintendent recommended petitioner's dismissal to the School Board based on: (1) failure to abide by the North Carolina Code of Professional Practice and Conduct for North

DIAMOND v. CHARLOTTE-MECKLENBURG CTY. BD. OF EDUC.

[227 N.C. App. 17 (2013)]

Carolina Educators, as required by the Charlotte-Mecklenburg Board of Education, by committing an "abusive act" against a student, (2) failure to fulfill the duties and responsibilities imposed on teachers by the North Carolina statutes by failing to maintain order and discipline, and (3) insubordination.

Petitioner met with the Superintendent to respond to the recommendation of dismissal, at which time they discussed the charges and petitioner informed the Superintendent that she believed her actions fell under an exception to the prohibition on the use of physical force, articulated in N.C.G.S. § 115C-391(a) (repealed 2011). The exception permits an educator to bypass the standard procedure for using physical force on a student, in limited circumstances. N.C. Gen. Stat. § 115C-391 (repealed 2011).

After the meeting, the Superintendent issued a letter notifying petitioner of his intent to recommend her dismissal to the Board of Education. Petitioner then requested review of her dismissal by an independent case manager, pursuant to N.C.G.S. § 115C-325(j2).

At the hearing, the case manager concluded that the termination was justified because, although N.C.G.S. § 155C-391 might apply to an evacuation such as the one here, petitioner's actions were not reasonably calculated to maintain order and thus the exception did not apply. The case manager emphasized that there was no threatened harm to the student himself or to another person, and that his outbursts did not create a safety concern.

Petitioner requested a hearing before the School Board to further challenge the Superintendent's dismissal recommendation. After the presentation of oral and written testimony, the School Board unanimously upheld the dismissal recommendation on 15 September, 2011.

Petitioner then filed a Petition for Judicial Review pursuant to N.C.G.S. § 115C-325(n). In response, respondents, the School Board and the individually named School Board members, filed a Motion to Dismiss on 28 November 2011. Judge A. Robinson Hassell heard the Petition for Judicial Review on 9 February 2011 and granted respondents' motion to dismiss in an order dated 24 February 2012. In the order, he concluded that the termination decision was not based on an error of law and that evidence existed to support the School Board's decision under either a de novo or a whole record standard of review.

Petitioner appeals.

On appeal, petitioner raises the following issues: whether the trial court erred in concluding that the School Board's decision was (I) supported by substantial evidence and thus was not arbitrary and capricious and (II) not based on an error of law regarding the School Board's application of N.C.G.S. § 115C-391 to petitioner's use of physical force.

*I*

**[1]** Petitioner first argues that the trial court incorrectly concluded that the School Board's decision was supported by substantial evidence. We disagree.

North Carolina General Statutes, section 150B-51 governs judicial review of a school board's actions. It permits reversal or modification of a school board decision when the substantial rights of a petitioner "may have been prejudiced because the findings, inferences, conclusions, or decisions are . . . [u]nsupported by substantial evidence . . . in view of the entire record as submitted[.]" N.C. Gen. Stat. § 150B-51(b)(5) (2011).

A court reviews the final decision of the School Board for lack of evidence under N.C.G.S. § 150B-51 pursuant to a whole record standard of review, basing its findings on the final decision of the School Board and the official record. N.C.G.S. § 150B-51(c). "The 'whole record' test does not allow the reviewing court to replace the Board's judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it de novo." *Thompson v. Wake County Bd. of Educ.*, 292 N.C. 406, 410, 233 S.E.2d 538, 541 (1977). Rather, the whole record test requires that the court consider both the evidence justifying the School Board's decision and any contradictory evidence to determine whether the School Board's decision was supported by substantial evidence. *Id.* In other words, "review is limited to determining whether the superior court correctly decided that the Board's decision to dismiss plaintiff . . . was supported by substantial evidence in light of the whole record." *Crump v. Bd. of Educ.*, 79 N.C. App. 372, 373, 339 S.E.2d 483, 484 (1986) (citation omitted). Substantial evidence exists when "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Thompson*, 292 N.C. at 414, 233 S.E.2d at 544 (citations omitted).

This court need not determine that substantial evidence existed for each of the three stated reasons for petitioner's dismissal; it is sufficient that any one of the reasons for her dismissal is supported by substantial

evidence, provided that she was notified of the reason. *Crump*, 79 N.C. App. at 374, 339 S.E.2d at 485 (citation omitted).

In reaching its decision to recommend dismissal, the School Board accepted the case manager's findings of fact. Using those factual findings, we will first consider whether petitioner's termination on the basis of "failure to fulfill the duties and responsibilities imposed upon teachers by the general statutes of this State" is supported by substantial evidence. *See* N.C. Gen. Stat. § 115C-325(e)(1)(i) (2011) ("System of Employment of Public School Teachers").

North Carolina law instructs that teachers have a duty, "when given authority over some part of the school program by the principal or supervising teacher, to maintain good order and discipline . . . ." N.C. Gen. Stat. § 115C-307(a) (2011). The School Board found that petitioner was given authority by the school's principal to oversee and implement the school evacuation. It was thus her duty as an educator to maintain order and discipline during that process. *See* N.C.G.S. § 115C-307(a).

Based on the Case Manager's factual findings, the School Board's determination that petitioner failed to maintain good order and discipline as a result of her use of physical force is supported by substantial evidence. The School Board found that petitioner's actions failed to improve the situation with the misbehaving student, and even possibly made it worse. It also found that petitioner's handling of the situation required an assistant principal and a security officer to step in and deal with the repercussions of her actions, separating her and the student and calming the student down. That two other school employees had to promptly act to deescalate the situation between petitioner and the student supports the conclusion that petitioner failed to maintain order during the school evacuation, in violation of N.C.G.S. § 115C-307(a).

While certain factual findings also indicate that the events of the day were somewhat chaotic and uncertain — an entire middle school had been relocated to a track and field area for two to three hours and students and staff understandably became restless — the confusion or chaos does not negate the evidence supporting the School Board's finding. Despite the additional stress created by the surrounding environment, sufficient evidence exists to support the conclusion that petitioner's actions failed to maintain good order and discipline in the situation.

Therefore, the School Board's decision to terminate plaintiff for her failure to fulfill the duties imposed by the N.C.G.S. § 155C-307 is supported by substantial evidence. Petitioner's argument that the decision of the School Board was arbitrary and capricious is therefore overruled.

In light of the fact that we uphold petitioner's termination based on her failure to fulfill the duties imposed by the North Carolina General Statutes, we need not determine whether the Superintendent's other stated reasons were supported by substantial evidence based on the whole record. *Crump*, 79 N.C. App. at 374, 339 S.E.2d at 485.

*II*

**[2]**  Petitioner next argues that the trial court erred in concluding that the School Board's decision was not based on an error of law. This argument is based on petitioner's contention that the School Board failed to correctly apply N.C.G.S. § 115C-391.

The standard of review for this argument is likewise governed by N.C.G.S. § 150B-51, which permits reversal or modification of a school board decision when the substantial rights of a petitioner "may have been prejudiced because the findings, inferences, conclusions, or decisions are . . . [a]ffected by other error of law[.]" N.C.G.S. § 150B-51(b)(4). The court shall review the matter, using the official record, under a *de novo* standard of review. N.C.G.S. § 150B-51(c). However, the School Board's decision "is presumed to be made in good faith and in accordance with governing law." *Richardson v. N.C. Dept. of Pub. Instruction Licensure Section*, 199 N.C. App. 219, 223-24, 681 S.E.2d 479, 483 (2009). It is therefore the burden of the party asserting error to overcome this presumption with competent evidence. *Id.*

Petitioner asserts that her actions were permissible under N.C.G.S. § 115C-391, which, prior to its repeal, stated:

> school personnel may use reasonable force, including corporal punishment, to control behavior or to remove a person from the scene in those situations when necessary:
>
> (1)  To quell a disturbance threatening injury to others;
>
> (2)  To obtain possession of weapons or other dangerous objects on the person, or within the control, of a student;
>
> (3)  For self-defense;
>
> (4)  For the protection of persons or property; or
>
> (5)  To maintain order on school property, in the classroom, or at a school-related activity on or off school property.

N.C. Gen. Stat § 115C-391(a) (repealed 2011). Petitioner argues that she slapped the student to maintain order during the evacuation; therefore

her action falls under the last articulated exception and the trial court committed an error of law by failing to apply it to her case. We disagree.

N.C.G.S. § 115C-391 lists five particular circumstances in which the use of unregulated physical force against a student may be permitted: preventing injury to others, obtaining weapons or dangerous objects, self-defense, protecting people or property, and maintaining order. *Id.* The last exception, and the one under which petitioner claims to fall, using physical force to maintain order, is the broadest. However, this broad exception must be read in the context of the entire statute, which sets forth particular requirements for the use of physical force, and then articulates narrow exceptions to those requirements. *See id.*

The first four exceptions listed imply a level of emergency. *See id.* In each case there is some imminent danger to person or property, which is sufficient to override the typical protections for the use of force against students. However, to permit an interpretation of the last exception, maintaining order, as petitioner contends, would effectively eliminate an exigency requirement. Such interpretation would serve to undermine the statute as a whole, which is intended to establish clear limits for the use of physical force against students.

In the case of petitioner, while there is some dispute as to the environment created by the bomb threat and the evacuation, the School Board's factual findings indicate that the behavior of the unruly student, while annoying and extremely disruptive, did not pose a threat to the safety or well-being of teachers or students, nor did his actions threaten to damage school or private property. Although the bomb threat and evacuation created a difficult situation that potentially threatened student safety, the unruly student's statements and refusal to comply with teacher instructions to sit down and put away his soda did not appear to create a situation of imminent danger simply because they occurred outside the normal school day. The School Board found that, at the time of the altercation, students had been relocated away from the school and were in no immediate danger; further, its findings indicated that the unruly student's actions did not create or magnify any safety threat. The pertinent findings of the Case Manager, as adopted by the School Board, support the School Board's dismissal of petitioner. The presumption that the School Board's decision was made in good faith and in accordance with the applicable law remains. *See Richardson,* 199 N.C. App. at 223-24, 681 S.E.2d at 483.

Therefore, we hold that the trial court did not err in concluding that the School Board properly applied N.C.G.S. § 115C-391 in determining

that the statutory exception did not apply to petitioner's use of physical force. Accordingly, we affirm the trial court order dismissing the petitioner's petition for judicial review.

Affirmed.

Judges CALABRIA and GEER concur.