## H. A. BOND, JR., v. JACOB WOOL.

### *Practice—Unsigned Judgment.*

1. While, for many reasons, it is the better practice that a judgment should be signed by the Judge, it is not mandatory nor necessary to its validity that it should be done.

2. When a judgment of the Superior Court was affirmed on appeal, an entry on the docket of the Superior Court, "Judgment as per transcript filed from the Supreme Court," was sufficient and a termination of the action. The former judgment having been merely suspended, and not vacated by the appeal, the affirmation by the Supreme Court ended the suspension, and the office of the last judgment was simply formal, to direct the execution to proceed and to carry the costs subsequently accrued.

This was a motion to assess damages on an injunction bond, heard at the Spring Term, 1893, of the Superior Court of CHOWAN County.

The following are the facts in the case:

At Spring Term, 1890, of the Superior Court of Chowan County, there was a judgment dissolving the injunction. From this judgment there was an appeal by the plaintiff to the Supreme Court. Judgment was affirmed in the Supreme Court. The certificate of the Supreme Court was sent down to the Superior Court, to Spring Term, 1891, and at that term there was entered on the minute docket the following: "Judgment as per transcript filed from the Supreme Court." There was no judgment written and signed by the presiding Judge at said Spring Term, 1891. The case was dropped from the docket and never placed upon the docket again until Spring Term, 1892, when, in consequence of the notice of March 14, 1892, the Clerk placed it on the civil issue docket for said Spring Term, 1892.

The motion was continued until the Spring Term, 1893, when the plaintiff moved to dismiss, upon the ground that there was no cause pending in which the motion of the

defendant could be made. The Court gave judgment dismissing the motion to assess damages, and the defendant appealed.

*Mr. W. D. Pruden,* for plaintiff.

*Messrs. F. H. Busbee* and *Grandy & Aydlett,* for defendant (appellant).

CLARK, J.: While it is more regular and, for many reasons, the better course, that judgments should always be signed by the Judge, it has been repeatedly held that this is not mandatory. *Matthews* v. *Joyce,* 85 N. C., 258; *Rollins* v. *Henry,* 78 N. C., 342; *Keener* v. *Goodson,* 89 N. C., 273; *Spencer* v. *Credle,* 102 N. C., 68. The entry on the docket, "Judgment as per transcript filed from the Supreme Court," was sufficient and a termination of the action. Besides, under the provisions of chapter 192, Acts 1887, the former judgment of the Superior Court was not vacated by the appeal—merely suspended—and the suspension was ended by the affirmation of the judgment by the Supreme Court.

The subsequent judgment in the Superior Court added no validity to the former judgment of that Court, nor to the judgment in the Supreme Court. Its office was simply formal, to direct the execution to proceed and to carry the costs subsequently accrued.      No Error.