LAURA D. ROBINSON v. B. J. ROBINSON.

(Decided October 25, 1898.)

*Husband and Wife—Divorce From Bed and Board— Injunction Order.*

Before filing pleadings, *feme* plaintiff may apply for injunction order to restrain defendant husband from interfering with her separate property or from collecting her rents.

ACTION for divorce pending in Superior Court of Wake County and heard before *Bryan, J.*, at CHAMBERS, September 26, 1898, upon application by plaintiff for an injunction order to restrain defendant husband from interfering with her separate property or from collecting her rents.

Application refused. Plaintiff appealed.

*Messrs. Douglas & Simms*, for plaintiff (appellant).
*Messrs. S. G. Ryan* and *Armistead Jones*, for defendant.

FAIRCLOTH, C. J.: The plaintiff institutes this action for divorce from bed and board, and, before filing her

complaint, she files affidavits and asks the Court for an injunction restraining her husband from interfering with her separate property or from renting or collecting the rents for the same, and for alimony *pendente lite*.

The unanswered affidavits of the plaintiff, after setting out the reasons and causes for leaving her husband's house and separating from him recently before this action begun, also alleged that the plaintiff is the owner in fee of a certain house and lot in the city of Raleigh and that the defendant exercises control over said house and lot without her permission, and has rented out the same to a tenant now in possession, collecting and appropriating the rent to his own use and refusing to pay over to or allow the plaintiff any part of said rent. The affidavits also allege that the defendant has possession of certain personal property belonging to the plaintiff, refusing to allow her the possession or the use of the same.

We will not pass upon the motion for alimony *pendente lite*, as the pleadings when filed and the trial may or may not show that she is entitled to it.

We think his Honor should have made an order restraining the defendant from interfering with the plaintiff's property. The wife's property is her separate estate, and the husband has no control over or right to interfere with it, except the right of ingress, egress and regress to it, when she is in actual possession of her real estate. *Manning* v. *Manning*, 79 N. C., 293; *Cecil* v. *Smith*, 81 N. C., 285. And the wife is entitled to recover her separate property and also the income derived therefrom. *Manning* v. *Manning*, *supra*.

We are at liberty to enter here (*Code*, Section 957) such judgment as should have been entered in the Superior Court. And it is now ordered by this Court that

the defendant, B. J. Robinson, is restrained and forbidden to exercise any control over or interfere with the house and lot of the plaintiff, described in her affidavits, or to receive the rents or income therefrom, until the hearing and the further order of the Superior Court. In the meantime, this action will proceed in the Superior Court according to the course and practice of that court.

It is further ordered that the Clerk of this Court issue a copy of this judgment, directed to the Sheriff of Wake County commanding him to deliver a copy of this order to the defendant, B. J. Robinson, and to make due return of his action in this matter in the Superior Court.

The judgment of his Honor was erroneous to the extent above indicated. Judgment reversed and order issued.

Reversed.