D & W, INC., T/A MERRY GO-GO ROUND, ON BEHALF OF ITSELF, AND DIAB, INC. T/A PECAN GROVE SUPPER CLUB, AND SUCH OTHER CITIZENS AND PLAINTIFFS OF MECKLENBURG COUNTY, NORTH CAROLINA, AFFECTED BY THE TURLINGTON ACT AND THE ALCOHOLIC BEVERAGE CONTROL ACT OF NORTH CAROLINA, v. THE CITY OF CHARLOTTE, A MUNICIPAL CORPORATION, THE COUNTY OF MECKLENBURG, CLAWSON WILLIAMS, CHAIRMAN OF THE ALCOHOLIC BEVERAGE CONTROL BOARD OF THE STATE OF NORTH CAROLINA, JONES Y. PHARR, CHAIRMAN OF THE MECKLENBURG COUNTY ALCOHOLIC BEVERAGE CONTROL BOARD, HENRY SEVERS, JOHN HORD, ERNEST SELVY, GEORGE STEPHENS, W. FLEMING TALMAN, SR., LAWRENCE C. ROSE, G. W. BIRMINGHAM, JR., ROBERT I. CROMLEY, SR., RAY B. BRADY, CHARLES E. KNOX AND FRED C. COCHRANE.

(Filed 19 December, 1966.)

1. **Appeal and Error § 59—**

The decision of the Supreme Court reversing the judgment of the Superior Court granting an injunction is self-executing and has the effect of dissolving the injunction, and no order of the Superior Court is necessary to implement the decision, G.S. 1-221, G.S. 1-298 and G.S. 7-12 are not applicable.

2. **Same—**

Mandate of the Supreme Court upon appeal is binding upon the Superior Court and must be strictly followed without variation or departure, and no other judgment than that directed or permitted by the appellate court may be entered.

3. **Appeal and Error §§ 1, 2—**

After certification of a decision of the Supreme Court to the Superior Court the Supreme Court retains jurisdiction of the cause for the purpose of effectuating its mandate, and when the decision on appeal is self-executing and the judge of the Superior Court has refused to enter judgment in accordance with the mandate of the Supreme Court, the Supreme Court, in the exercise of its supervisory jurisdiction, may order that the decision be entered upon the judgment roll in the county in order that the decision be given effect forthwith.

ON motion in the cause by the Attorney General.

On November 30, 1966, this Court rendered its opinion in the

above-entitled case reversing the judgment entered on April 18, 1966, by Riddle, J., in which he restrained defendants from enforcing the criminal law with reference to the transportation, possession, and consumption of alcoholic beverages, as defined by G.S. 18-60, except in conformity with his interpretation of the law as contained in his judgment. *D. & W., Inc., v. Charlotte,* 268 N.C. 577, ...... S.E. 2d ....... The Riddle judgment, by its terms, applied in all counties of the State which have elected to come under the provisions of the ABC Act of 1937. On December 12, 1966, our decision in this cause was certified to the Superior Court of Mecklenburg County as provided by G.S. 7-16 and Rule 38, Rules of Practice in the Supreme Court.

It is now made to appear by motion of the Attorney General: Certification of the opinion was received by the Superior Court of Mecklenburg County on December 13, 1966. On December 14, 1966, a member of the staff of the Attorney General appeared in that court before his Honor, Hugh B. Campbell (one of the resident superior court judges of the Twenty-sixth Judicial District, who, on that date, was regularly assigned to and presiding over the courts of the district), and moved the court for judgment in accordance with the opinion of the Supreme Court of North Carolina. Judge Campbell heard the motion, denied it, and declined to sign the tendered order. Instead, citing G.S. 1-221, G.S. 1-298, and G.S. 7-12, he entered an order decreeing that the judgment of Riddle, J., "as entered in this cause on April 19, 1966, is, and continues to be, in force until entry of judgment in conformity with the opinion of the North Carolina Supreme Court as certified to this court." He directed the parties or their counsel to appear at 10:00 a.m. on January 3, 1967, before the judge presiding at the January 2, 1967 nonjury session of the Superior Court (the first civil term *to begin* after the receipt of this Court's mandate) for the purpose of having judgment *then* entered in this cause "consistent with the opinion of the North Carolina Supreme Court." The Attorney General objected and excepted to this order. He now moves that we declare our judgment final and that of Campbell, J., a nullity.

PER CURIAM.  Judge Riddle's order decided a purely legal question and restrained defendants, "until further order of the court," from conducting themselves except in accordance with the law as announced therein. It was, in its effect and scope, a final judgment . granting for an indefinite period the only relief sought by plaintiffs, *i. e.,* injunction. Our opinion, in addition to holding that the remedy of injunction was not available to plaintiff, declared the law of this State with respect to the purchase, transportation, possession, and

use of alcoholic beverages as defined by G.S. 18-60, reversed the judgment of Riddle, J., and was likewise a final judgment. Judge Campbell should have allowed the motion of the Attorney General and entered the order which he tendered. Neither G.S. 1-221, G.S. 1-298, nor G.S. 7-12 authorized him to delay the enforcement of an order of this Court.

. G.S. 1-221 provides: "Every judgment given in a court of record having jurisdiction of the subject is, and continues to be, in force until reversed according to law." The judgment of the Superior Court entered by Judge Riddle from which defendants appealed was reversed by this Court "according to law" on November 30, 1966. G.S. 1-298 applies only to judgments of the Superior Court which have been affirmed or modified on appeal; it has no application to a decision of this Court *reversing* the judgment of the lower court. G.S. 7-12 applies only to appeals from interlocutory judgments. As heretofore pointed out, the judgment appealed from in this case was a final judgment.

Our decision in this case was that "the judgment of the court below is Reversed"; the opinion states the reason for the decision. McIntosh, North Carolina Practice and Procedure, § 26 (1st Ed. 1929). Our mandate vacated the injunction just as effectively as if we had said, "The injunction rendered by Riddle, J., on April 18, 1966, is hereby dissolved." To reverse an injunction is to vacate it. This Court may dissolve as well as issue restraining orders, *Robinson v. Robinson*, 123 N.C. 136, 31 S.E. 371, and, when it does so, no order of the Superior Court is necessary to implement its decree. In such case it is self-executing. "A reversal, when filed in the lower court, automatically sets the lower court's decision aside without further action by that court. . . ." 5 Am. Jur. 2d, Appeal and Error § 990 (1962).

> " 'When the Supreme Court reversed the judgment of the circuit court, . . . and its mandate was filed in the lower court, . . . the judgment was reversed, whether the lower court afterwards made any order conforming its judgment to that of the Supreme Court or not.' " *Cowdery v. London & San Francisco Bank*, 139 Cal. 298, 304, 73 Pac. 196, 198. *Accord, Smith v. Garbe*, 86 Neb. 91, 124 N.W. 921.

In our judicial system the Superior Court is a court subordinate to the Supreme Court. Upon appeal our mandate is binding upon it and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered. "Otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of authority

over inferior tribunals." *Collins v. Simms,* 257 N.C. 1, 11, 125 S.E. 2d 298, 306; *Tussey v. Owen,* 147 N.C. 335, 61 S.E. 180; *Stephens v. Koonce,* 106 N.C. 222, 10 S.E. 996; *Murrill v. Murrill,* 90 N.C. 120; *Ex Parte Sibbald,* 37 U.S. (12 Pet.) 488, 9 L. Ed. 1167; 5 Am. Jur. 2d, Appeal and Error § 991 (1962). That this Court retains jurisdiction of the original cause in every case for the purpose of effectuating its mandate cannot be questioned. *Union Trust Co. v. Curtis,* 186 Ind. 516, 116 N.E. 916; *Raht v. Southern Railway Co.,* 387 S.W. 2d 781 (Tenn. Sup. Ct.). The issuance of the mandate from this Court did not exhaust its jurisdiction to enforce its orders. *Pierce v. Box,* 284 S.W. 231 (Tex. Ct. Civ. App.); *Home Owners Loan Corp. v. Wiggins,* 188 Miss. 750, 196 So. 240. It may issue any appropriate writ or take the necessary steps to compel obedience to its mandate. If it has not already done so, the appellate court may proceed to enter final judgment and, in a proper case, award execution. *United States v. Pink,* 36 N.Y.S. 2d 961.

In *Collins v. Simms, supra* at 10, 125 S.E. 2d at 304, Moore, J., speaking for this Court, said:

> "When it comes to our attention that a lower court has failed to comply with the opinion of this Court, whether through insubordination, misinterpretation or inattention, this Court will, in the exercise of its supervisory jurisdiction, *ex mero motu* if necessary, enforce its opinion and mandate in accordance with the requirements of justice. N. C. Constitution, Art. IV, § 8; *Wescott v. Bank,* 227 N.C. 644, 43 S.E. 2d 844."

In *Bond v. Wool,* 113 N.C. 20, 18 S.E. 77, this Court affirmed an order of the Superior Court dissolving an injunction. The opinion was certified to the Superior Court in due course, but "no judgment was written and signed by the presiding judge." In holding that its mandate terminated the case, Clark, J. (later C.J.), speaking for the Court, said:

> "While it is more regular and, for many reasons, the better course, that judgments should always be signed by the judge, it has been repeatedly held that this is not mandatory. . . .
>
> "The subsequent judgment in the Superior Court added no validity to the former judgment of that court, nor to the judgment in the Supreme Court. Its office was simply formal, to direct the execution to proceed and to carry the costs subsequently accrued." *Id.* at 21, 18 S.E. at 78.

It is the practice of the Superior Court to enter judgment in accordance with the opinion of this Court — a practice which should be continued in the interest of clarity, continuity, and for the con-

venience of those who may examine the records thereafter —, but the efficacy of our mandate does not depend upon the entry of an order by the court below. Where such an order has been entered it "neither added to nor took from the rights of either party." *Strickland v. Jackson,* 260 N.C. 190, 191, 132 S.E. 2d 338, 339. The only order which the Superior Court is now empowered to enter in this case is one dismissing it from the docket at the cost of plaintiffs. Such an order will, of course, refer to our opinion in this case.

While we cannot suppose that Judge Campbell had any purpose to set at nought and disregard the decree of this Court, his attempt to postpone its enforcement was beyond his authority and his order to that effect is a nullity. The decision in this case declares the law *now* in force in this State with respect to the purchase, transportation, possession, and use of alcoholic beverages. It dissolved the injunction issued by Judge Riddle in the judgment appealed from, and that injunction remains dissolved. Law enforcement officers may forthwith enforce the statutes relating to alcoholic beverages as defined by G.S. 18-60.

The Clerk of the Supreme Court of North Carolina shall forthwith certify this supplemental mandate to the Superior Court of Mecklenburg County, and the Marshal of this Court is directed forthwith to deliver it directly to that court. Its clerk will immediately enter the decision heretofore certified, together with this supplemental decision, upon the judgment roll of Mecklenburg County. At the next session the judge will enter an order dismissing this action at the cost of plaintiff.

Motion granted.