PORSH BUILDERS, INC. v. CITY OF WINSTON-SALEM, A NORTH CAROLINA MUNICIPAL CORPORATION, WAYNE A. CORPENING, MAYOR; JOHN B. DEVRIES; EUGENE F. GROCE; ERNESTINE WILSON; VIRGINIA H. NEWELL; JON J. CAVANAGH; ROBERT S. NORTHINGTON, JR.; VIVIAN K. BURKE; LARRY D. LITTLE, MEMBERS OF THE BOARD OF ALDERMEN FOR THE CITY OF WINSTON-SALEM, AND THE REDEVELOPMENT COMMISSION OF WINSTON-SALEM, A POLITICAL SUBDIVISION OF THE CITY OF WINSTON-SALEM

No. 8221SC288

(Filed 19 April 1983)

Municipal Corporations § 4.5— sale of redevelopment commission property—effect of prior appellate decision

A decision by the Supreme Court in this case did not require a municipal board of aldermen to accept plaintiff's highest bid for property being sold by a redevelopment commission but permitted the board either to accept plaintiff's bid or to reject all bids.

APPEAL by plaintiff from *Cornelius, Judge.* Order entered 10 November 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 February 1983.

Plaintiff Porsh Builders, Inc. (Porsh) instituted this action in Superior Court seeking an order directing the defendant Mayor and Board of Aldermen of Winston-Salem to accept a bid made by Porsh to buy a certain parcel of real estate in the City of Winston-Salem, or, in the alternative, an order awarding monetary damages. By its amended complaint, Porsh sought injunctive relief to enjoin defendants from conveying the subject property to John P. Ozmun, another bidder, and, in the event the

Builders, Inc. v. City of Winston-Salem

court was unable to compel the defendants to transfer the property to the plaintiff, that defendants be ordered to begin the bidding process prescribed in G.S. 160A-514 anew.

The parcel at issue was acquired by the City as a part of a tract of land to be developed in accordance with the Crystal Towers Community Development Plan. The parcel had been offered for sale by the Winston-Salem Redevelopment Commission pursuant to the terms of G.S. 160A-514. Both plaintiff and Mr. Ozmun submitted their development plans and bids. Both proposals were found to meet the requirements of the zoning district and Development Plan. Plaintiff's bid of $6,550.00 was the higher of the two submitted bids. Although G.S. 160A-514 directs the Redevelopment Commission to sell to the "highest responsible bidder," Porsh's higher bid was rejected and the lower bid submitted by Ozmun accepted because the City Planning Staff had determined that the Ozmun plan "more nearly" complied with the City's Development Plan.

The Forsyth County Superior Court granted defendants' motion for summary judgment and denied plaintiff's motion for injunctive relief pending appeal. In its judgment of 28 November 1978 the court made findings of fact and entered the following conclusion of law in support of the judgment:

> G.S. 160A-514(c) and (d) authorize the defendants to give consideration to the redevelopment plan of each bidder, the housing needs of the City, the housing policies of the City, the revenue to be derived from each bid, and factors other than merely the dollar amount bid for the property in question, those being legislative matters for consideration by the Board of Aldermen rather than the Court.

On appeal from entry of the judgment this Court, with one judge dissenting, reversed the summary judgment entered, in favor of defendants, and remanded the matter to the Superior Court, holding that if the Board of Aldermen elected to accept either of the two bids, it would have to accept plaintiff's bid as the "highest responsible bid" under the language of G.S. 160A-514(d). *Builders, Inc. v. City of Winston-Salem,* 47 N.C. App. 661, 267 S.E. 2d 697 (1980). In its opinion this Court expressly rejected the contention that factors other than the dollar amount of the bid may be taken into account by the Board.

> We hold that the plain words of the statute require in the case sub judice that if a bid is to be accepted it must be the bid of Porsh, which was the high bid.

47 N.C. App. at 663, 267 S.E. 2d at 698. The term "responsible" in the phrase "highest responsible bidder" was interpreted to mean only that the bidder must have the resources and ability to do what he has agreed to do in his proposal. *Id.* The relevant portion of G.S. 160A-514(d) states:

> After receipt of all bids, the sale shall be made to the highest responsible bidder. All bids may be rejected. All sales shall be subject to the approval of the governing body of the municipality.

Defendants appealed as a matter of right pursuant to G.S. 7A-30 (2). The Supreme Court stated the issue presented by the appeal as follows:

> The sole question presented by this appeal is whether defendants were required under the language of G.S. 160A-514 to accept plaintiff's bid as the "highest responsible bid," if the defendants decided to accept either bid submitted.

*Builders, Inc. v. City of Winston-Salem,* 302 N.C. 550, 552, 276 S.E. 2d 443, 444 (1981). Immediately after this formulation of the question presented, the Court stated its answer and conclusion as follows:

> For the reasons stated below, we find the Court of Appeals' majority opinion correct in its interpretation of the statute as allowing defendants to either reject all bids or accept plaintiff's "highest responsible bid," and hold that summary judgment entered in favor of defendants was properly reversed.

*Id.* The Court proceeded to analyze the statute and concluded that neither subsection of G.S. 160A-514 could be interpreted to give defendants the discretionary powers recited by the trial court. In conclusion the Court stated:

> For the foregoing reasons, we affirm the Court of Appeals' majority holding that under the language of G.S. 160A-514, defendants are required to accept the "highest responsible bid," if any, where that bid is in compliance with the applicable zoning restrictions and redevelopment plan for the

property to be sold. The Court of Appeals' decision reversing summary judgment in favor of defendants is affirmed.

302 N.C. at 556, 276 S.E. 2d at 447.

On 29 April 1981 defendants filed a motion in Superior Court for entry of a judgment remanding the matter to the Board of Aldermen of the City of Winston-Salem for action in conformity with the decision of the North Carolina Supreme Court. Subsequently, Porsh filed its motion on 8 June 1981 for entry of judgment in accordance with that same decision. By its motion Porsh sought entry of an order directing defendants to accept Porsh's bid and further ordering defendants to convey, transfer and deed the subject parcel to Porsh.

The matter was heard in Forsyth County Superior Court. The court entered an order on 10 November 1981 which states:

[T]he Court determines and concludes that the Supreme Court in its decision determined that the statute in question permits the defendant to either reject all bids or accept plaintiff's bid, and thus the matter must be remanded to the Board of Aldermen of the City of Winston-Salem for the purpose of rejecting both bids or accepting plaintiff's bid which was previously rejected by the Board of Aldermen;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that this matter is hereby remanded to the Board of Aldermen of the City of Winston-Salem for rejection of all bids or acceptance of the bid of the plaintiff, all in accord with the decision of the North Carolina Supreme Court.

Plaintiff appeals from the entry of this order.

*Frye, Booth and Porter, by Leslie G. Frye and John P. Van Zandt, III, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Roddey M. Ligon, Jr. and Ronald G. Seeber, for defendant appellees.*

JOHNSON, Judge.

The sole question presented by this appeal is whether the trial court's order properly effectuates the opinion and mandate of the Supreme Court in this case. For the reasons stated below,

we find that the trial court correctly interpreted the Supreme Court's opinion and hold that the order entered by Judge Cornelius conforms to the decision rendered therein.

Upon appeal from the Superior Court, the mandate of the Supreme Court is binding and must be strictly followed without variation or departure. "No judgment other than that directed or permitted by the appellate court may be entered." *D & W, Inc. v. Charlotte*, 268 N.C. 720, 722, 152 S.E. 2d 199, 202 (1966). Plaintiff Porsh contends that the decision of the Supreme Court in this case commanded the Board of Aldermen of the City of Winston-Salem to convey the property in question to Porsh Builders. The City of Winston-Salem maintains that the Supreme Court went no further than to hold that the City could not convey the property of Mr. Ozmun, but that the City could either convey the property to Porsh or reject all bids. Thus, the issue revolves around the intent of the Supreme Court in its decision affirming the decision of this Court and remanding the matter to the Superior Court for judgment consistent with its opinion.

In its amended complaint the plaintiff sought injunctive relief, an order directing the defendants to accept plaintiff's bid and convey the property to it or, in the alternative, that the bidding process be started anew. The trial court erroneously interpreted the language of G.S. 160A-514(c) and (d) as permitting defendants to consider factors other than the monetary amount of the bid in passing upon the bids offered, and therefore, entered summary judgment for defendants. This Court reversed the summary judgment and remanded the case to the Superior Court on the grounds that the statute permitted the defendants to either reject all bids or accept plaintiff's highest responsible bid. This opinion was affirmed and elaborated upon by the Supreme Court. Noticeably absent from either appellate opinion is language indicating, as plaintiff now argues, that the Board lost its option to reject all bids once it elected to proceed with one of the two bids submitted.

G.S. 160A-514(d) clearly states, "All bids may be rejected." The Board's approval of the lower Ozmun bid has been determined by the Supreme Court to be erroneous, but there is nothing in the statute, or in the opinion of this Court or in the opinion of the Supreme Court to suggest that the erroneous ac-

ceptance of the Ozmun bid made the rejection of the Porsh bid unlawful. Nor is there any affirmative indication in either opinion that the City *must* now accept the Porsh bid. All of the relevant language is clearly to the contrary.

This Court's interpretation of the statute as *allowing defendants to either reject all bids or accept plaintiff's highest responsible bid,* and reversal of summary judgment entered in favor of defendant was upheld. 302 N.C. at 552, 276 S.E. 2d at 444. The Supreme Court then stated, "[t]he clear meaning of the language of subsection (d) is that *although the municipality may reject all bids,* if any bid is accepted, it must be the "highest responsible bid." *Id.* at 555, 276 S.E. 2d at 446 (emphasis added). And further, that "use of the term 'shall' renders the procedural requirement mandatory, *if the governing body of the municipality decides to accept any bid." Id.* (Emphasis added.)

It is thus evident that the Supreme Court intended the matter ultimately to be placed before the Board of Aldermen to determine whether they now desire to reject all bids or accept the Porsh bid. Given the Supreme Court's interpretation of G.S. 160A-514(c) and (d), the final judicial determination of the rights of the parties could only be that plaintiff is *entitled* to have its bid accepted, *if, and only if,* defendants choose to accept either of the two bids submitted. However, the Board retains the ultimate authority, under the statute and the Supreme Court's ruling, to decide to reject all bids.

The summary judgment in defendants' favor, in practical terms, would have allowed the City's acceptance of the lower Ozmun bid and rejection of Porsh's higher bid to stand. The Supreme Court's decision reversing the summary judgment, in practical terms, held that the City could not accept the lower Ozmun bid on the non-monetary grounds that it "more nearly" complied with the Development Plan. The net effect of the order entered 10 November 1981 was to reverse that erroneously-granted summary judgment, and to enter a judgment that plaintiff was entitled to have its bid accepted *unless the Board chose to reject all bids.* We find this portion of the order to be in full accordance with the decision of the Supreme Court. For the trial court to have ordered the Board to accept the Porsh bid, as Porsh requested in its motion, would have impermissibly enlarged upon

the mandate directed by the Supreme Court in this case. *D & W, Inc. v. Charlotte, supra.*

Plaintiff next takes issue with that portion of the order which purports to "remand" the matter to the Board of Aldermen, and argues that such a "remand" is not included in the Supreme Court's mandate. It is true that the case technically was not taken to the Superior Court "on appeal" from a decision by the Board of Aldermen, and therefore, it is technically incorrect to use the term "remand" in the order. However, as we stated earlier, the Supreme Court clearly intended the matter to be placed again before the Board for consideration. The order directs the Board as to what its options are pursuant to that appellate decision. In this context we consider the term "remand" mere surplusage. The order entered by the trial court is a reasonable means by which the opinion and mandate of the Supreme Court in *Builders, Inc. v. City of Winston-Salem* could be put into practical effect. The order of the trial court is

Affirmed.

Judges HEDRICK and EAGLES concur.