Backer v. Gomez

---

---

CHARLES BACKER AND WIFE, MARIE B. BACKER v. CARLOS GOMEZ AND WIFE, BARBARA JONES GOMEZ

No. 8512DC683

(Filed 1 April 1986)

**Execution § 6; Landlord and Tenant § 13— termination of lease—appeal pending— action against subtenants proper**

    Plaintiff lessees were not precluded from proceeding against defendant subtenants for possession and damages where their appeal from a judgment

terminating their lease with the owner was pending and they had been granted a stay of execution and left in possession of the property. N.C.G.S. §§ 1-289, 1-292, 1-296.

APPEAL by defendants from *Cherry, Judge*. Judgment entered 8 January 1985 in District Court, CUMBERLAND County. Heard in the Court of Appeals 6 January 1986.

This is an appeal from a judgment of summary ejectment and an award of delinquent rental payments.

On 26 October 1972, plaintiffs entered into a thirty year written lease with Homeland, Inc., renting ten acres of land located in Cumberland County. Improvements on the land consisted of thirty duplexes. The monthly rent for the property was $1,000.00. Thereafter, plaintiffs placed nineteen mobile homes on the property. On 1 January 1979, plaintiffs subleased a portion of the property to the defendants for a monthly rental of $3,000.00.

On 9 March 1983, plaintiffs instituted this summary ejectment proceeding against defendants in magistrate's court. From an adverse judgment defendants appealed to District Court. Defendants obtained a stay of execution of judgment pending trial in District Court. On 1 September 1983, Homeland, Inc. instituted an action in Superior Court, Cumberland County, against plaintiffs alleging, *inter alia*, that plaintiffs had breached their thirty year lease agreement by subletting and committing acts of waste upon the property. On 4 October 1984, while the district court action was pending trial, Homeland, Inc. obtained judgment against plaintiffs in its superior court action for possession of the property, termination of the lease plus damages on the ground that plaintiff had breached the lease with Homeland by committing acts of waste upon the property. From the judgment of superior court, plaintiffs appealed to this Court. Pending that appeal to this Court plaintiffs obtained an order from superior court staying execution upon the judgment awarding Homeland, Inc. damages and possession of the property.

While the superior court action was pending on appeal to this Court, the instant case was tried in district court 8 January 1985, at which time judgment was entered in favor of plaintiffs, granting immediate possession of the subleased property and $60,000.00 in delinquent rental payments on the ground that de-

fendants had breached the sublease by failing to pay the monthly rental. From said judgment defendants appealed.

*Charles Backer, pro se, and wife, Marie B. Backer, pro se, for plaintiff appellees.*

*Beaver, Thompson, Holt & Richardson, P.A., by H. Gerald Beaver and Mark A. Sternlicht, for defendant appellants.*

JOHNSON, Judge.

By their sole issue raised in this appeal, defendants contend that the Superior Court judgment of 4 October 1984 terminating plaintiffs' lease with Homeland, Inc. precluded plaintiffs from asserting any leasehold rights under the lease. We disagree.

N.C.G.S. 1-289 regarding undertaking to stay execution on a money judgment provides in pertinent part that:

> If the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment unless a written undertaking is executed on the part of the appellant, by one or more sureties, to the effect that if the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal.

N.C.G.S. 1-292 regarding undertaking to stay judgment on real property provides in pertinent part that:

> If the judgment appealed from directs the sale or delivery of possession of real property, the execution is not stayed, unless a bond is executed on the part of the appellant, with one or more sureties, to the effect that, during his possession of such property, he will not commit, or suffer to be committed, any waste thereon, and that if the judgment is affirmed he will pay the value of the use and occupation of the property, from the time of the appeal until the delivery of possession thereof pursuant to the judgment. . . .

Defendants concede in their brief that plaintiffs obtained a stay of execution on the judgment awarding damages and ter-

minating plaintiffs' lease with Homeland, Inc. However, notwithstanding the order staying execution on the judgment and leaving plaintiffs in possession of the property, defendants argue that the Superior Court judgment terminating plaintiffs' leasehold interest in the property remained in full force and effect and precluded plaintiffs from thereafter seeking possession and damages against defendants in the instant case. Defendants rely upon N.C.G.S. 1-296 which reads as follows:

> The stay of proceedings provided for in this Article shall not be construed to vacate the judgment appealed from, but in all cases such judgment remains in full force and effect, and its lien remains unimpaired, notwithstanding the giving of the undertaking or making the deposit required in this Chapter, until such judgment is reversed or modified by the appellate division.

In our research we have been unable to find a case similar to the case at hand wherein a lessee seeks to proceed against his subtenant for possession and damages pending appeal of a judgment terminating the lease between the owner in fee and the lessee; and where the lessee has been granted a stay of execution and left in possession of the property. We agree with defendants that a stay of the proceedings as provided under N.C.G.S. ch. 1, art. 27 does not operate to vacate the judgment terminating plaintiffs' lease with Homeland, Inc. However, the appeal placed the judgment in a state of suspension. *Bond v. Wool*, 113 N.C. 20, 18 S.E. 77 (1893). Under the stay of execution pursuant to N.C.G.S. 1-289 and 1-292, plaintiffs, by maintaining possession, would be liable to Homeland, Inc. for any waste they committed or allowed to be committed on the property, and if the judgment is affirmed, plaintiffs would also be required to pay the value of the use and occupation of the property, from the time of the appeal until delivery of possession of the property pursuant to the judgment. Therefore, it seems clear to us that by maintaining possession pursuant to the stay of execution order, plaintiffs remained vested with a possessory and proprietary interest in the property, which interest they had a right to protect. Defendants' possession and proprietary rights in the property are derived solely through the possessory and proprietary rights vested in the plaintiffs. Therefore, in light of the order staying execution on the

judgment and leaving plaintiffs in possession, plaintiffs were not precluded from proceeding against defendants, their subtenants.

We also take judicial notice that this Court reversed the judgment terminating plaintiffs' lease with Homeland, Inc. *Homeland, Inc. v. Backer*, 78 N.C. App. 477, 337 S.E. 2d 114 (1985). This Court's decision vacating the judgment relates back to the time the judgment was entered and renders it null and void, *ab initio*. The proceeding is left where it stood before the judgment was entered, and the parties stand in the same position as if no such judgment had ever been rendered. For this reason also, the issue defendants raise in this appeal is moot.

Defendants raise several other questions by assignments of error on appeal from trial; however, defendants failed to present or discuss any of them in their brief for review on appeal. These questions are deemed abandoned. Rule 28(a), N.C. Rules App. P.

The judgment of District Court is

Affirmed.

Chief Judge HEDRICK and Judge PHILLIPS concur.