IN THE MATTER OF: I.J. AND T.J.

No. COA07-608

(Filed 2 October 2007)

**Termination of Parental Rights— dismissal of first petition— second petition not barred by res judicata**

A second petition to terminate respondent mother's parental rights was not barred by res judicata after the first petition was dismissed for failure to conduct the adjudicatory hearing within 90 days after the petition was filed because there was no identity of issues between the first and second petitions where the trial court ordered that grounds for termination under the second petition could only be established by facts that occurred after the first petition was filed; findings of fact in the termination order as to events that occurred prior to the filing of the first petition were essentially background information without which the order would not make sense; and the substantive factual findings upon which the trial court based its conclusions of law as to the grounds for termination of parental rights all concerned facts that occurred after the first petition was filed.

Appeal by respondent from order entered 13 February 2007 by Judge Lawrence C. McSwain in Guilford County District Court. Heard in the Court of Appeals 4 September 2007.

IN RE I.J. & T.J.

[186 N.C. App. 298 (2007)]

*Office of Guilford County Attorney, by Deputy County Attorney James A. Dickens, for petitioner-appellee.*

*Michael E. Casterline for respondent-appellant.*

STROUD, Judge.

Respondent mother appeals from an order terminating her parental rights to her daughter, I.J., and her son, T.J. For the following reasons, we affirm.

The Guilford County Department of Social Services (DSS) took non-secure custody of I.J. and T.J. in April of 2002 and the trial court adjudicated the children neglected and dependent in October of 2002. On 24 June 2004, DSS filed its first petition to terminate respondent mother's parental rights (hereinafter "2004 termination petition") based upon the grounds that respondent mother had neglected her children under N.C. Gen. Stat. § 7B-1111(a)(1); had willfully left the children in foster care for more than twelve months under N.C. Gen. Stat. § 7B-1111(a)(2); and had failed to pay a reasonable portion of the cost of care for the children under N.C. Gen. Stat. § 7B-1111(a)(3). In April of 2005, I.J. and T.J. were returned to respondent mother on a trial placement, but were placed back in foster care four months later.

The 2004 termination petition came on for hearing on 13 March 2006. Before evidence was presented, respondent mother moved to dismiss the petition because the adjudicatory hearing had not been held within ninety days from the filing of the petition, as required by N.C. Gen. Stat. § 7B-1109(a). By order filed 30 March 2006, the trial court dismissed the petition on the grounds that the 13 March 2006 "hearing [was] in excess of 20 months from the date of filing the petition to terminate parental rights." The order further stated: "The [2004 termination] petition refers to dates and events occurring in 2002 or later, and that the delay in proceeding will result in prejudice and hardship to the respondent, based on the ability to remember events so distant, and to defend the petition."

On 6 April 2006, DSS filed a second petition to terminate the parental rights of respondent mother on the same three grounds alleged in the 2004 petition. Respondent mother denied the material allegations and moved to dismiss the second petition based on the defense of *res judicata*, alleging that the 2004 termination petition was dismissed with prejudice. In the alternative, respondent mother moved that the court limit the matters of evidence to those facts

occurring after 13 March 2006. By order signed 2 November 2006, the trial court ordered that the "use of evidence concerning matters occurring prior to June of 2004 is [limited] to general factual allegations and [it is] require[d] that the grounds for relief under the Petition must be established by facts which have occurred after June 24, 2004." Following a hearing on the second termination petition, the trial court concluded that grounds for termination of respondent mother's parental rights existed under N.C. Gen. Stat. § 7B-1111(a)(1), (a)(2) and (a)(3), and entered an order terminating those rights on 13 February 2007. Respondent mother appeals.

In her sole argument on appeal, respondent mother contends the proceedings for termination of parental rights were barred by the doctrine of *res judicata*. We disagree.

> Under the doctrine of *res judicata*, a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them. Generally, in order that the judgment in a former action may be held to constitute an estoppel as *res judicata* in a subsequent action there must be identity of parties, of subject matter and of issues.

*Merrick v. Peterson*, 143 N.C. App. 656, 662, 548 S.E.2d 171, 175-76 (2001) (internal citations and quotations omitted).

As noted above, the trial court ordered on 2 November 2006 that "the grounds for relief under the Petition must be established by facts which have occurred after June 24, 2004." Respondent argues that some of the findings of fact in the termination order deal with events that occurred prior to June 24, 2004, although we note that respondent did not assign error to the findings of fact on that basis.[1] However, the trial court also decreed in its 2 November 2006 order that "use of evidence concerning matters occurring prior to June of 2004 is [limited] to general factual allegations and [it is] require[d] that the grounds for relief under the Petition must be established by facts which have occurred after June 24, 2004." The findings of fact in the termination order as to events prior to 24 June 2004 are essentially

---

1. Respondent did assign error to all except the first two findings of fact in the termination order, all on the same basis, that each finding was not "supported by sufficient clear, cogent and convincing evidence and thus violates the requirements of N.C.G.S. § 7B-1109(f)." However, respondent has not presented any argument on appeal regarding sufficiency of the evidence to support any finding of fact and has cited no authorities in this regard, so this argument is deemed abandoned. N.C.R. App. P. 28(b)(6).

IN RE J.B.

[186 N.C. App. 301 (2007)]

background information without which the order would not make sense. For example, finding three is that "[t]he children first came into DSS custody on July 13, 2000, due to inappropriate supervision and failure of the Respondent mother, [J.O.], to access services to prevent an injurious environment." Findings four, five and six then recite the general procedural history of the DSS's involvement with the children from the time they came into DSS custody up to 1 April 2005. The substantive factual findings upon which the trial court based its conclusions of law as to the grounds for termination of parental rights are all facts which occurred after 24 June 2004. Since the trial court specifically based its order only upon facts which occurred after the filing of the first petition, there is not identity of issues between the first and second petitions and *res judicata* does not apply.[2]

Accordingly, we conclude that the order for termination of parental rights should be

Affirmed.

Judges STEELMAN and JACKSON concur.

---

2. Because we conclude that there was not identity of the issues between the first and second petitions, we need not reach the issue of whether the dismissal of a petition for termination of parental rights on the basis of violation of the ninety day requirement of N.C. Gen. Stat. § 7B-1109(a) is a final judgment on the merits for the purposes of *res judicata*.