684 S.E.2d 902 (2009)
In the Matter of S.R.G.
No. COA09-789.
Court of Appeals of North Carolina.
November 3, 2009.
Thomas B. Kakassy, P.A., by Thomas B. Kakassy, Gastonia, for petitioner-appellee Gaston County Department of Social Services.
*903 Wyrick Robbins Yates & Ponton, LLP, by Tobias S. Hampson, Raleigh, for respondent-appellant mother.
Pamela Newell Williams, Raleigh, for guardian ad litem.
ELMORE, Judge.
Respondent-mother appeals from the district court's order on remand terminating her parental rights to her daughter, S.R.G. After careful review, we reverse the decision of the Gaston County District Court.
The Gaston County Department of Social Services (DSS) became involved in the instant case after S.R.G. tested positive for cocaine and benzodiazepines at her birth in March 2006. Respondent-mother also tested positive for drugs, and she admitted to using drugs during the pregnancy. Despite DSS's attempts to work with respondent-mother, her substance abuse problems continued. DSS allowed a kinship placement, but it did not work out, and, on 16 March 2007, DSS filed a juvenile petition alleging neglect and dependency. DSS was granted non-secure custody the same day and S.R.G. was placed in foster care.
The trial court adjudicated S.R.G. neglected on 24 July 2007 after respondent-mother admitted the underlying facts regarding her substance abuse. In its order filed 15 August 2007, the trial court sanctioned a permanent plan of reunification and ordered respondent-mother to complete various goals designed to accomplish this end. The trial court authorized supervised visitation for respondent-mother once a week. Following the adjudication, respondent-mother made some progress on her case plan, but continued to have problems with substance abuse and other aspects of the plan requirements, and, therefore, failed to comply with all the plan requirements. Following a review hearing on 23 October 2007, the trial court sanctioned a concurrent plan of adoption and reunification based on respondent-mother's limited progress.
On 24 October 2007, DSS filed a petition for termination of respondent-mother's parental rights, alleging the following grounds: (1) neglect; (2) willful failure to pay a reasonable portion of the cost of care for the juvenile for the six-month period preceding the filing of the petition despite being physically and financially able to do so; and (3) willful abandonment for at least six months prior to the filing of the petition. Respondent-mother filed an answer denying the material allegations of the petition. In a subsequent review hearing, the trial court changed the permanent plan to one of adoption based on respondent-mother's noncompliance with her case plan and continued substance abuse.
The termination hearing was held on 21 May 2008. In an order entered 28 May 2008, the trial court found as a basis for termination that respondent willfully abandoned S.R.G. in the six months preceding the filing of the termination petition. See N.C. Gen. Stat. § 7B-1111 (a)(7) (2007). The court then considered various factors regarding the best interests of the juvenile, determined that termination was in the best interests of S.R.G., and ordered that respondent-mother's parental rights be terminated.
Respondent-mother appealed from the termination order, and, in an opinion filed 20 January 2009, we reversed the order of the trial court and remanded for further action consistent with our opinion. In re S.R.G., ___ N.C.App. ___, 671 S.E.2d 47 (2009). First, we recognized that respondent-mother's failure to make reasonable progress under N.C. Gen.Stat. § 7B-1111(a)(2) could not constitute grounds for termination because it was not alleged by DSS in the termination petition. Id. at ___, 671 S.E.2d at 50-51. Next, we held that the trial court erred in finding grounds to terminate pursuant to N.C. Gen.Stat. § 7B-1111(a)(7) because respondent-mother's actions during the relevant six-month period were insufficient to "demonstrate a purposeful, deliberative and manifest willful determination to forego all parental duties and relinquish all parental claims to S.R.G." Id. at ___, 671 S.E.2d at 53.
On remand, the trial court held a seven-minute hearing on 13 April 2009, but did not hear any new evidence. Relying on the findings of fact in its previous termination order, the court explained its decision, over the objection of respondent-mother:

*904 [M]y intent is to rely on my earlier findings of fact noting that I may consider a prior adjudication of neglect, although I'm not bound by it, and [S.R.G.] was adjudicated neglected ... in 2007 in this case. I do not intend to make any further findings of fact.... But based on those, I would make an independent finding whether the neglect existed at the time of the original hearing in May of 2008, and I will find that neglect still exists, that there is among other things her refusal to enroll in a residential drug-treatment facility, failure to make significant improvements in her lifestyle, that her lifestyle supports the probability of the repetition of the neglect that originally occurred, and that she by all counts could not pay support at the time of the hearing.... I therefore do not see the necessity for any further evidentiary hearing, and I will indeed find that the neglect existed at the time of the hearing, that its likelihood to continue was great, and that it's in the best interest of the child that [respondent-mother's parental rights] hereby are terminated.
By order entered 29 April 2009, the trial court terminated respondent-mother's parental rights, concluding that the ground of neglect existed to support termination and that termination was in the best interest of S.R.G. Respondent-mother appeals.
On appeal, respondent-mother contends that the trial court erred in terminating her parental rights to S.R.G. First, respondent-mother argues that, by adjudicating another ground for termination on remand, the trial court committed error by failing to follow this Court's mandate. Next, respondent-mother argues that the trial court erred in finding the existence of neglect as a ground for termination because the evidence was insufficient to support a finding of either neglect at the time of the hearing or a likelihood of continued neglect. Lastly, respondent-mother argues that the trial court erred at disposition. We agree with respondent-mother's first argument on appeal, that the trial court erred in adjudicating the existence of another ground for termination on remand. Therefore, we need not address the remainder of respondent-mother's arguments.
It is well established that, on remand from this Court, "`[t]he general rule is that an inferior court must follow the mandate of an appellate court in a case without variation or departure.'" In re R.A.H., 182 N.C.App. 52, 57, 641 S.E.2d 404, 407 (2007) (quoting Condellone v. Condellone, 137 N.C.App. 547, 551, 528 S.E.2d 639, 642 (2000)). In the case at bar, this Court reversed the trial court's order finding grounds to terminate respondent-mother's parent rights pursuant to N.C. Gen.Stat. § 7B-1111(a)(7) and remanded for further action consistent with our opinion. S.R.G., ___ N.C.App. at ___, 671 S.E.2d at 53. Although this mandate did not explicitly prohibit the trial court from holding a second termination hearing on remand, the law of the case doctrine greatly limited the trial court's ability to do so.
The law of the case doctrine applies to cases in which "a question before an appellate court has previously been answered on an earlier appeal in the same case[.]" Wrenn v. Maria Parham Hosp., Inc., 135 N.C.App. 672, 678, 522 S.E.2d 789, 792 (1999) (emphasis omitted). In such a case, "the answer to the question given in the former appeal becomes `the law of the case' for purposes of later appeals." Id. Our Supreme Court explained:
A decision of this Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal. [Tennessee-Carolina] Transportation, Inc. v. Strick Corp., 286 N.C. 235, 239, 210 S.E.2d 181, 183 (1974). "[O]ur mandate is binding upon [the trial court] and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered." D & W, Inc. v. Charlotte, 268 N.C. 720, 722, 152 S.E.2d 199, 202 (1966). "We have held judgments of Superior [C]ourt which were inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed prior mandates of the Supreme Court ... to be unauthorized and void." Collins v. Simms, 257 N.C. 1, 8, 125 S.E.2d 298, 303 (1962).
*905 Lea Co. v. N.C. Board of Transportation, 323 N.C. 697, 699, 374 S.E.2d 866, 868 (1989).
In a proceeding to terminate parental rights, the trial court "shall take evidence, find the facts, and shall adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent." N.C. Gen.Stat. § 7B-1109(e) (2007) (emphasis added). Here, in the original termination hearing and order, the trial court adjudicated the existence of only one ground for termination, willful abandonment, even though DSS alleged a total of three grounds for termination. Based on the mandatory language of N.C. Gen.Stat. § 7B-1109(e), the consequence of such an adjudication is the nonexistence of the other two grounds alleged by DSS, which were neglect and willful failure to pay a reasonable portion of the cost of care for the juvenile. Moreover, the trial court did not have the discretion to develop one ground and ignore the other two, if all three grounds were supported by the evidence. A trial court is not permitted to exercise discretion on adjudication. See In re Carr, 116 N.C.App. 403, 407, 448 S.E.2d 299, 301-02 (1994) (holding that the trial court erred by exercising discretion in the adjudicatory stage of termination of parental rights proceeding). Accordingly, the trial court's original order foreclosed the possibility of the existence of neglect or willful failure to pay a reasonable portion of the cost of care as grounds for termination.
In S.R.G., we reversed the trial court's order finding the existence of grounds for termination under N.C. Gen.Stat. § 7B-1111(a)(7). S.R.G., ___ N.C.App. at ___, 671 S.E.2d at 53. Our decision reversing grounds for termination therefore became the law of the case. However, on remand, the trial court found that neglect existed pursuant to N.C. Gen.Stat. § 7B-1111(a)(1) as grounds for termination. Such a finding was in error, based on the trial court's previous failure to find such a ground. Furthermore, DSS failed in S.R.G. to cross-assign error to the trial court's failure to find the existence of neglect and willful failure to pay a reasonable portion of the cost of care as grounds for termination, which foreclosed the possibility of the trial court to terminate respondent-mother's parental rights on the alternative ground of neglect. See Harllee v. Harllee, 151 N.C.App. 40, 51, 565 S.E.2d 678, 685 (2002) ("In the instant case, the additional arguments raised in plaintiff-appellee's brief, if sustained, would provide an alternative basis for upholding the trial court's determination[.]... However, plaintiff failed to cross-assign error pursuant to Rule 10(d) to the trial court's failure to render judgment on these alternative grounds. Therefore, plaintiff has not properly preserved for appellate review these alternative grounds."). If DSS had cross-assigned error to this issue, if sustained, the trial court would have been provided with an alternative basis for the termination of respondent-mother's parental rights, and a new hearing would have been appropriate on remand. However, DSS did not preserve this issue and was barred from re-litigating it on remand. See Naddeo v. Allstate Ins. Co., 139 N.C.App. 311, 320, 533 S.E.2d 501, 507 (2000) (holding that, where appellant failed to challenge a finding on appeal, it was conclusive on appeal, became the law of the case, and foreclosed appellant from re-litigating the issue in any subsequent proceedings). Accordingly, the trial court had no authority to substitute the existence of a new ground on remand. It did, however, have authority to continue to exercise supervision of the case through the permanency planning and review processes provided for in Chapter 7B of our juvenile code.
Finally, we note that nothing in the juvenile code prevented DSS from filing a new petition to terminate respondent-mother's parental rights based on the existence of new grounds. A new petition, based on circumstances arising subsequent to the original termination hearing, would have constituted a new action, and would not have been barred by the doctrine of res judicata. See In re I.J. & T.J., 186 N.C.App. 298, 301, 650 S.E.2d 671, 673 (2007) ("Since the trial court specifically based its order only upon facts which occurred after the filing of the first petition, there is not identity of issues between the first and second petitions and res judicata does not apply."). DSS, however, did not file a new petition. Instead, the trial court based its adjudication of neglect on the *906 previous petition. Such a finding was in error and we therefore reverse the trial court's decision.
Reversed.
Chief Judge MARTIN and Judge BEASLEY concur.