An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-95

NORTH CAROLINA COURT OF APPEALS

Filed:  1 July 2014

IN THE MATTER OF:

K.T.                                  Onslow County
C.M.                                  Nos. 13 JA 153-54


Appeal by respondent-mother from order entered 22 October 2013 by Judge Sarah C. Seaton in Onslow County District Court. Heard in the Court of Appeals 16 June 2014.


    *Lorna I. Welch for petitioner-appellee Onslow County Department of Social Services.*

    *Hunt Law Group, P.C., by James A. Hunt, for respondent-appellant mother.*

    *Nelson Mullins Riley & Scarborough LLP, by Stephen Martin, for Guardian ad Litem.*


MARTIN, Chief Judge.


Respondent-mother appeals from the trial court's adjudication and disposition order.  Mother argues that two of the trial court's findings of fact are not supported by sufficient evidence, the findings of fact do not support its conclusion that the juveniles were dependent, and she did not

receive sufficient notice that the hearing was a permanency planning hearing. We affirm.

On 31 May 2013, the Onslow County Department of Social Services ("DSS") received a report that five-year-old K.T. had been found unsupervised at an elementary school at about 9:00 p.m. When a social worker investigated the home where K.T. lived with mother, mother's boyfriend, and three-year-old C.M., she discovered numerous safety issues, including knives within easy reach of the children, moldy food, and clothing all over the floor. Mother was also under the influence of sleeping pills.

The social worker found that K.T.'s bedroom door had been locked from the outside, and K.T. had broken a window to get out of the room. Mother blamed K.T. for the incident, and told the social worker that K.T. had "gotten out of the house again" while mother was sleeping. C.M. was not present at the house when the social worker arrived to investigate, because mother's boyfriend had fled with the juvenile. K.T. told the social worker that mother had struck her in the past, including with a belt, and she had overheard mother's boyfriend striking mother. The juveniles were removed from mother's custody and initially placed in a kinship placement identified by mother, but the placement family told the social worker they planned to move out

of the State soon and could not be a long-term home for the juveniles. The juveniles were then placed in nonsecure custody.

On 5 June 2013, DSS filed petitions alleging that the juveniles were neglected and dependent. The matter came on for an adjudication and disposition hearing on 22 August 2013. On 22 October 2013, the trial court entered an adjudication and disposition order in which it adjudicated the juveniles neglected and dependent and ordered C.M. to be placed in the custody of A.M., his father, and K.T. to remain in DSS custody. The trial court set permanent plans of reunification for K.T. and custody with a relative for C.M. The order, however, terminated the juvenile court's jurisdiction over C.M.'s case. Mother appeals.

_____

When we review an adjudication order, we must determine "(1) whether the findings of fact are supported by 'clear and convincing evidence,' and (2) whether the legal conclusions are supported by the findings of fact." *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000) (citation omitted). "Findings of fact supported by competent evidence are binding on appeal even though there may be evidence to the contrary." *In re S.R.G.*, 195 N.C. App. 79, 83, 671 S.E.2d 47, 50, *appeal after remand*, 200 N.C. App. 594, 684 S.E.2d 902 (2009).

First, mother challenges finding of fact 2, which states:

> That the respondent parents received adequate notice of the facts alleged in the petition so that they knew the nature of the proceeding and had an opportunity to prepare for the hearing.

Mother argues that she only received notice for an adjudication hearing and not a permanency planning hearing.

At the outset, we note that the adjudication and disposition order was filed 22 October 2013. Therefore, the case was pending after 1 October 2013, and the permanency planning issue is governed by N.C.G.S. § 7B-906.1, which was effective as of 1 October 2013 and applicable to actions pending on or after that date. 2013 N.C. Sess. Law 228, 240-43, ch. 129, § 26. 129. Prior permanency planning cases were governed by N.C.G.S. § 7B-907, although the relevant statutory language is largely unchanged.

Pursuant to N.C.G.S. § 7B-906.1, a parent is entitled to 15 days' notice of a permanency planning hearing. N.C. Gen. Stat. § 7B-906.1(b) (2013). Previously, N.C.G.S. § 7B-907(a) also required 15 days' notice of a permanency planning hearing. Under the prior statute, we held that a parent waives his or her right to notice "by attending the hearing in which the permanent plan is created, participating in the hearing, and failing to

object to the lack of notice." *In re J.P.*, ___ N.C. App. ___, ___, 750 S.E.2d 543, 545 (2013).

In this case, mother never objected to a lack of notice of a permanency planning hearing. Accordingly, we conclude she has waived appellate review of that issue. Furthermore, in light of our conclusion that mother waived appellate review of the issue of notice, we need not address her challenge to finding of fact 2 or her other argument that the trial court erred by conducting a permanency planning hearing without providing her with proper notice.

Next, mother challenges the sufficiency of the evidence to support finding of fact 21, which addresses the alternative placement prong of the dependency test:

> At the time [DSS] took nonsecure custody of the juveniles, the respondent parents lacked an appropriate, alternative child care arrangement, and there were no other suitable placement options other than nonsecure custody.

Mother specifically contends the finding is contradicted by a letter from the initial kinship placement, in which the placement family stated they were willing to care for the juveniles. We note, however, this letter was never introduced into evidence at the hearing, and a social worker testified she was not aware the placement family had made such claims.

Moreover, the evidence presented at the hearing contradicted the contents of the letter and demonstrated the family had told DSS that the kinship placement could only be temporary. Thus, the trial court's finding of fact was supported by competent evidence.

Finally, mother challenges the trial court's conclusion that the juveniles were dependent.[1] We disagree with mother's contention that the findings of fact do not support the trial court's conclusion that the juveniles were dependent.

In relevant part, the Juvenile Code defines a dependent juvenile as a juvenile whose "parent, guardian, or custodian is unable to provide for the juvenile's care or supervision and lacks an appropriate alternative child care arrangement." N.C. Gen. Stat. § 7B-101(9)(ii) (2013). "In determining whether a juvenile is dependent, the trial court must address both (1) the parent's ability to provide care or supervision, and (2) the availability to the parent of alternative child care arrangements." *In re T.B., C.P., & L.P.*, 203 N.C. App. 497, 500, 692 S.E.2d 182, 184 (2010) (internal quotation marks omitted). "The allegations in a petition alleging that a juvenile is abused, neglected, or dependent shall be proved by

---

[1] We note that mother does not challenge the trial court's conclusion that the juveniles were neglected, only its conclusion that they were dependent.

clear and convincing evidence." N.C. Gen. Stat. § 7B-805 (2013).

In addition to the challenged findings, the trial court made numerous unchallenged findings that are binding on appeal. *See In re M.M.*, 200 N.C. App. 248, 257, 684 S.E.2d 463, 469 (2009), *disc. review denied*, 364 N.C. 241, 698 S.E.2d 401 (2010). These findings accurately described the 31 May 2013 incident in which K.T. broke a window to escape from her bedroom, the potentially hazardous condition of mother's home, and the turbulent relationship between mother and the juveniles, particularly K.T. Also, as discussed earlier, the trial court properly found that there was not a suitable alternative placement for the children. Accordingly, we hold that the trial court's findings of fact support its conclusion that the juveniles were dependent.

Affirmed.

Judges ELMORE and HUNTER, JR. concur.

Report per Rule 30(e).